U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

JUN 10 2016

TONY R. MOORE CLERK
BY _____ DEPUTY

a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| JERMAINE SURTAIN, Petitioner | CIVIL ACTION NO. 1:16-CV-663; SECTION "P" |
| VERSUS | JUDGE TRIMBLE |
| J.A. BARNHART, Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a petition for writ of habeas corpus (28 U.S.C. § 2241) filed on May 12, 2016, by pro se Petitioner Jermaine Surtain (#27627-034). Petitioner's filing fee was received, and his motion for leave to proceed *in forma pauperis* was denied, on May 19, 2016. (Doc. 4). Petitioner is an inmate in the custody of the United States Bureau of Prisons ("BOP"), incarcerated at the Federal Correctional Institution in Pollock, Louisiana. He challenges his 2011 conviction in the United States District Court for the Eastern District of Louisiana.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

### Procedural History

Petitioner and two co-defendants were charged in a multi-count indictment arising from "separate insurance fraud schemes that culminated in arson, murder, and the destruction of a van used in the killing." United States v. Surtain, 519 F.

App'x 266, 269 (5th Cir. 2013). A jury convicted Petitioner of conspiracy to commit mail and wire fraud (Count 1) and the use of fire to commit obstruction of justice and aiding and abetting (Count 12). Id. at 275. Petitioner's convictions were affirmed on May 2, 2013. Id. Petitioner did not seek a writ of certiorari in the Supreme Court.

On January 25, 2016, Petitioner filed a motion to recall the court's mandate in the Fifth Circuit Court of Appeals, arguing that Rosemond v. United States, 134 S. Ct. 1240 (2014), called into question the legality of his conviction. The motion was denied by the Fifth Circuit on February 24, 2016.

Petitioner filed this § 2241 petition on May 12, 2016, raising the same Rosemond argument presented in his motion to the Fifth Circuit.

## Law and Analysis

A federal prisoner may challenge his sentence under either 28 U.S.C. §§ 2241 or 2255. Though closely related, these two provisions are "distinct mechanisms for seeking post-conviction relief." Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000). A § 2241 petition may be filed by a prisoner to challenge the manner in which his sentence is being executed. See Reyes–Requena v. U.S., 243 F.3d 893, 900–01 (5th Cir. 2001) (citing Warren v. Miles, 230 F.3d 688, 694 (5th Cir. 2000)). The proper venue for such a challenge is the district in which the prisoner is incarcerated. See Kinder v. Purdy, 222 F.3d 209, 212 (5th Cir. 2000).

In contrast, a § 2255 motion should be used to vacate, set aside, or correct a sentence based on errors that occurred "at or prior to sentencing." Cox v. Warden, Federal Detention Ctr., 911 F.2d 1111, 1113 (5th Cir. 1990) (quoting United States v.

2

Flores, 616 F.2d 840, 842 (5th Cir. 1980)). The claims that are cognizable under § 2255 are broadly defined to include allegations that "judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law ..., or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable." 28 U.S.C. § 2255(b). A § 2255 motion "provides the primary means of collateral attack on a federal sentence" and must be filed in the court that issued the contested sentence. See Cox, 911 F.2d at 1113. Because of these differences, a § 2241 petition that seeks to challenge the validity of a federal sentence or conviction must be either dismissed or construed as a § 2255 motion by the court. See Pack, 218 F.3d at 452.

A prisoner may use § 2241 as the vehicle for attacking his conviction if it appears that the remedy provided by § 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255. The burden of coming forward with evidence to show the inadequacy or ineffectiveness of a motion under § 2255 rests squarely on the petitioner. See Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir. 2001) (citing McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979)). A prior unsuccessful § 2255 motion or the inability to meet AEDPA's requirements does not make § 2255 inadequate or ineffective.

The Fifth Circuit Court of Appeals has identified the limited circumstances under which the savings clause of § 2255 applies. To fall under this provision, a petitioner must demonstrate that: (1) his claim is based on a retroactively applicable Supreme Court decision; (2) the Supreme Court decision establishes that he was

3

"actually innocent" of the charges against him because the decision decriminalized the conduct for which he was convicted; and (3) his claim would have been foreclosed by existing circuit precedent had he raised it at trial, on direct appeal, or in his original § 2255 petition. Reyes–Requena, 243 F.3d at 904. "[T]he core idea is that the petitioner may have been imprisoned for conduct that was not prohibited by law." Id. at 903.

Petitioner claims that he is entitled to proceed under the savings clause based on the Supreme Court's decision in United States v. Rosemond, 134 S. Ct. 1240 (2014). In Rosemond, the Supreme Court granted certiorari "to resolve the Circuit conflict over what it takes to aid and abet a § 924(c) offense." Rosemond, 134 S. Ct. at 1245. The Supreme Court held that the government proves a defendant aided and abetted such an offense if it proves the defendant actively participated in the underlying drug trafficking or violent crime with advance knowledge that a confederate would use or carry a gun during the crime's commission. Id. at 1243. Petitioner was not convicted of aiding and abetting a § 924(c) offense. Rather, his conviction on Count 12 involved use of fire to obstruct justice in violation of 18 U.S.C. § 844(h)(1) and 18 U.S.C. § 2. Thus, Rosemond is inapplicable.

Moreover, even if Rosemond applied, the Supreme Court has given no indication that its decision in Rosemond should be given retroactive application to cases on collateral review. "Only the Supreme Court can render a new rule retroactively applicable to cases on collateral review." In re Kemper, 735 F.3d 211, 212 (5th Cir. 2013) (citing Tyler v. Cain, 533 U.S. 656, 662–63 (2001)). Because

4

Rosemond has not been given retroactive effect, Petitioner cannot meet the first requirement under the savings clause. Moreover, even if Rosemond applied retroactively, Petitioner's claim would be untimely because he did not seek relief within one year of the Rosemond decision. See 28 U.S.C. § 2244(d).

Because Petitioner does not meet the requirements of the savings clause, he cannot proceed under § 2241, and his petition should be **DENIED** and **DISMISSED**. Additionally, since this Court was not the sentencing court, it does not have jurisdiction to treat Plaintiff's petition as a § 2255 motion. Thus, to the extent that the Petition could be construed as a § 2255 motion, it should be **DISMISSED FOR LACK OF JURISDICTION**.

Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before a final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS

REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this 9th day of June, 2016.

Joseph H.L. Perez-Montes
United States Magistrate Judge